DOWNEY, Judge.
This is an appeal from an order granting a motion for summary judgment and a final summary judgment, dated July 1, 1987, in the Circuit Court of Indian River County.
Appellant, Willie Reynolds, and Appellee, David R. Langfitt, Sr., entered into a contract styled by them as a lease option contract, whereunder Reynolds was to pay $200 cash, $300 additional on August 21, 1986, and have immediate possession of the property. In addition, Reynolds was to pay $500 per month for thirteen months and then a balloon payment of $2,987.
On December 10, 1986, Langfitt sued Reynolds for declaratory judgment in the Circuit Court of Indian River County, alleging the aforesaid contract and that Reynolds had paid the first payment but his second payment by check was worthless due to insufficient funds. Langfitt notified Reynolds of the default under the contract and declared the contract null and void. It was alleged that the contract had been breached by Reynolds, yet he remained in possession of the property and refused to vacate. Langfitt prayed for a declaration of his rights.
On January 22, 1987, Reynolds filed a pro se answer in which he denied all the allegations of the complaint; alleged the complaint was frivolous, requested a jury trial, and alleged he had filed a suit in St. Lucie County. Reynolds attached a copy of his St. Lucie County complaint to his answer, together with a letter from Lang-fitt’s lawyer offering a settlement of the matter, as well as a letter asking him to remove his personal property from the subject real property. The final attachment to the answer was a copy of a pro se complaint, which Reynolds had filed in the Circuit Court of Palm Beach County against the State of Florida, Department of Natural Resources, in which he claimed damages arising out of the Department’s failure to award to Reynolds a contract to remove a ship beached in Palm Beach County.[1]
On February 10, 1987, Langfitt filed a motion for summary judgment to which he attached an affidavit of proof of the allegations of his complaint. On the date scheduled to hear said motion Reynolds appeared and hand delivered a motion for change of venue to St. Lucie County. He filed no further pleadings or proof in the cause.
The trial court held Reynolds had waived any venue privilege he may have had by pleading to the complaint and, since no genuine issue of material fact was demonstrated in the record, he granted Langfitt’s motion for summary judgment. In due course Reynolds filed a notice of appeal.
We have considered the briefs filed by counsel and heard oral argument in the cause and conclude that Reynolds has failed to present any reversible error. Both the pleadings filed (and not filed) in the trial court and the appellate presentation demonstrate that, if Reynolds had a defense to this cause, he failed to present it for the court’s consideration. For example, most of the information furnished by Reynolds that might help his cause was dehors the record in both the trial and appellate court.
Accordingly, the judgment appealed from is affirmed.
LETTS and WALDEN, JJ., concur.

. Attachment of this irrelevant complaint was apparently an oversight by Reynolds.